## Case No. 10,008.

### The NANCY.

[1 Gall. 66.] [1]

Circuit Court, D. Massachusetts.   May Term, 1812.

INFORMATION — HOW SHOULD CONCLUDE — MATERIAL AVERMENTS.

An information for a statute forfeiture should conclude against the form of the statute, or at least refer to some subsisting statute authorizing the forfeiture. A mere conclusion of an information against the form of a statute will not cure the defect of material averments to show that a forfeiture has accrued.

[Cited in Sears v. U. S., Case No. 12,592; U. S. v. Platt, Id. 16,054a; U. S. v. Seventy-Eight Cases of Books, Id. 16,258; U. S. v. Batchelder, Id. 14,540.]

[Appeal from the district court of the United States for the district of Massachusetts.]

[This was a libel against the sloop Nancy, Jabez Hatch, claimant, for violation of the embargo acts.]

G. Blake, for United States.
S. Dexter, for claimant.

STORY, Circuit Justice. The sloop Nancy was libelled in the district court, for exporting from the port of Boston divers goods and merchandizes, of domestic growth and manufacture, during the existence of the embargo, contrary to the prohibition of a certain act of the United States; and (2) for trading with, and putting on board of another ship or vessel a quantity of goods and merchandizes of domestic growth and manufacture, contrary to a certain other act of the United States.

The facts appear to be these; that the sloop Nancy is a lighter, whose employment has been confined to the port and bay of Boston, and as such, at the time of the seizure, she was under bonds at the custom house, pursuant to the provisions of the act of January 9, 1808, c. 8 [2 Stat. 453]. On the 15th of July, 1808, she departed from Boston, stood off into the bay, and at the distance of about four or five leagues met with another vessel, and immediately came along-side, and hoisted out into said vessel, all the cargo, which she had on board (which seems to have been flour), but the quantity does not appear. She remained along-side about an hour, and then quitted the other vessel. There seems no reason to doubt, that during this time a considerable quantity of flour was discharged. These facts present a clear case of a violation of the embargo acts, and if the libel contains sufficient allegations to enable the court to pronounce a sentence of forfeiture, it is their duty so to do. The first count seems to be founded upon the fourth section of the act of

12th March, 1808, c. 33 [2 Stat. 474], but it concludes against an act, whose title, as stated in the libel, is not known among our statutes. As this count stands, therefore, it does not warrant the court to proceed to condemnation. For it is a general rule, that where an offence is created by statute, it must, on the face of the information or libel conclude against the form of the statute, or at least refer to a subsisting statute authorising the offence; and we have so held the doctrine in other cases at this term.

The second count contains a very dry allegation, that the sloop on the high seas, in or near the harbor of Boston, on the 14th of July, 1808, did trade with, or put on board another certain ship or vessel, then being on the high seas, in or near the harbor of Boston, a quantity of goods, wares, and merchandizes of domestic growth and manufacture, to wit, flour, contrary to the act of 9th January, 1808, c. 8. Now it is material to observe, that it is not every trading with or putting on board of another vessel of such goods, wares, and merchandize, that subjects the property to forfeiture. The act declares, that it must be a trading with, or putting on board, contrary to that act, or the act of 22d December, 1807 [2 Stat. 451]. But a trading with, or putting on board in the port, where the goods are first laden, is not prohibited; and so it has been held by the supreme court of the United States. Nor is a trading, or putting on board by foreign vessels on the high seas, within the purview of the act. Sufficient matter, therefore, ought to have been alleged to have shown, that this trading or putting on board was clearly against the acts above stated. A mere conclusion against a statute has been uniformly held inadequate to supply the deficiency of material averments, to bring the case within the statute. It ought at least to have been averred, that the vessel was a vessel owned by citizens of the United States, and proceeded from some port of the United States, with her cargo, during the continuance of the embargo. As this libel now stands, without amendment, I do not feel at liberty to affirm the decree of the court below, and I shall, therefore, suspend a decree, until the question of amendment has been argued and considered.

After amendment allowed, the decree was affirmed.

---

NANCY, The (BRICE v.). See Case No. 1,855.

NANCY, The (BRITISH CONSUL v.). See Case No. 1,898.

NANCY, The (SCHUTZ v.). See Case No. 12,493.

NANCY, The (UNITED STATES v.). See Case No. 15,854.

NANNY, The (THOMSON v.). See Case No. 13,984.

NANTUCKET STEAMBOAT CO. (CITIZENS' BANK v.). See Case No. 2,730.

---

[1] [Reported by John Gallison, Esq.]